(46 Misc. Rep. 131.)

PEOPLE ex rel. MITTELMAN v. SUPERINTENDENT OF HOUSE OF REFUGE ON RANDALL'S ISLAND.

(Supreme Court, Special Term, Kings County. January, 1905.)

1. CHILDREN'S COURT—JURISDICTION.

Under City Charter, §§ 1418, 1419 (Laws 1903, p. 361, c. 159, §§ 2, 3), limiting the jurisdiction of the Children's Court of the City of New York to children "under" 16, but providing that that court shall be held in some building separate from that in which persons "above" 16 are tried,

a person of the age of 16 years may be tried by the Court of General Sessions of the Peace, and is not exclusively within the jurisdiction of the Children's Court.

**2. HABEAS CORPUS—ERRONEOUS COMMITMENT.**

The fact that a person 16 years old, convicted of a felony, was erroneously committed to the House of Refuge, does not entitle him to be discharged on habeas corpus.

Habeas corpus, on the relation of Samuel Mittelman, against the Superintendent of House of Refuge on Randall's Island, to secure relator's discharge from custody. Writ dismissed.

Henry J. Block, for relator.

Alexander T. Mason, for respondent.

GAYNOR, J. The relator was convicted of a felony on his plea of guilty in the Court of General Sessions of the Peace of New York county. The commitment states that he is "sixteen years of age." Counsel for the relator therefore argues that the said court had no jurisdiction of the case, but that it belonged to the Children's Court of the City of New York, created and governed by sections 1418 and 1419 of the city charter (Laws 1903, p. 361, c. 159, §§ 2, 3). But the said sections expressly limit that court's jurisdiction to children "under" sixteen. But section 1418 also provides that the Children's Court shall be held in some building separate from that in which persons "above" sixteen are tried; and on this slip hangs the contention that children of sixteen years must be tried in that court. It is too fine.

It is also contended that the court erred in committing the relator to the House of Refuge, for the reason that his conviction was of a felony, whereas the Penal Code (section 701) allows of such a commitment in the case of one sixteen years old only in the case of conviction of a misdemeanor. This point is well taken, but the relator cannot be discharged for that. The court which committed him will make correction on application. No such request has been made on this hearing.

The writ is dismissed.